**Electronically Filed**
**Intermediate Court of Appeals**
**30601**
**24-NOV-2010**
**11:03 AM**

NO. 30601

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILLIAM WENDELL RAMSEY, JR., Plaintiff-Appellant, v.
DEPARTMENT OF PUBLIC SAFETY DOCTOR DEWITT, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-0973)

ORDER DISMISSING APPEAL
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal that Plaintiff-Appellant William Wendell Ramsey, Jr. (Appellant Ramsey), has asserted from the Honorable Gary W.B. Chang's June 28, 2010 "Order Denying Motion to Enter Final Judgment Filed on March 30, 2010" (June 28, 2010 order) because the circuit court has not yet entered a separate judgment that resolves all claims against all parties in this case pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees.  Appeals under HRS

§ 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP Rule 58 specifically requires that "[e]very judgment shall be set forth on a separate document." (Emphasis added). The supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and County of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). For example, the supreme court has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added).

The June 28, 2010 order is not a judgment, but, instead, it is an interlocutory order. Furthermore, it appears that the circuit court has not yet had an opportunity to adjudicate the merits of Appellant Ramsey's claims in this case, and, thus, the circuit court has not yet entered a final judgment on those claims. On September 7, 2010, the appellate court clerk filed the record on appeal for appellate court case number 30601, at which time the record on appeal did not contain a separate judgment that resolves all claims in this case. Absent a separate, appealable judgment, Appellant Ramsey's appeal is premature and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that appellate court case number 30601 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 24, 2010.

Chief Judge

Associate Judge

Associate Judge